**FILED**

**DECEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**07 C 7256**

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of WATERFURNACE INTERNATIONAL, INC., an Indiana corporation, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) No: |
| v. | ) |
| | ) |
| VARIO CONSTRUCTION COMPANY, INC., an Illinois corporation, CHARPIE CONSTRUCTION CO., INC. an Illinois corporation and TRAVELERS CAS. & SURETY CO. OF AMERICA, a Maryland corporation, and JAMES F. RIO, individually, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**JUDGE ANDERSEN
MAGISTRATE JUDGE BROWN**

## COMPLAINT FOR BREACH OF CONTRACT AND
## CLAIM UNDER THE MILLER ACT

Plaintiff, the UNITED STATES OF AMERICA for the use of WATERFURNACE INTERNATIONAL, INC., by its attorneys, James T. Rohlfing and Richard T. Niemerg, complains against the above-named defendants as follows:

## COUNT I
## CLAIM UNDER THE MILLER ACT

1.    This action arises and the court has jurisdiction under the Miller Act, 40 U.S.C. §§3131-3134.

2.    Venue is proper under the Miller Act, 40 U.S.C., §3133(b)(3).

3.    Use Plaintiff, WATERFURNACE INTERNATIONAL, INC. (hereinafter "WATERFURNACE"), is a corporation organized and existing under the laws of Indiana with its

principal place of business at 9000 Conservation Way, Fort Wayne, Indiana 46809. WATERFURNACE is engaged in the sale of geothermal heating and cooling equipment.

4.      Defendant, VARIO CONSTRUCTION COMPANY, INC. (hereinafter "VARIO CONSTRUCTION"), is an Illinois corporation qualified to do business in Illinois, with offices in Villa Park, Illinois. VARIO CONSTRUCTION is engaged in the construction business.

5.      Defendant, CHARPIE CONSTRUCTION CO., INC. (hereinafter "CHARPIE CONSTRUCTION"), is an Illinois corporation qualified to do business in Illinois, with offices in Wood Dale, Illinois. CHARPIE CONSTRUCTION is engaged in the construction business.

6.      Defendant, TRAVELERS CAS. & SURETY CO. OF AMERICA (hereinafter, "TRAVELERS CAS. & SURETY"), is engaged in the insurance and surety business and provided a labor and material payment bond for the project described below, which it refers to as bond number 104609105. Plaintiff does not have a copy of said payment bond.

7.      On information and belief, CHARPIE CONSTRUCTION entered into a contract with the United States of America through the Department of the Veterans Affairs ("Owner"), to provide general contracting services in connection with construction work on the VA Hines Building 215, 500 Roosevelt Ave., Maywood, Illinois (hereinafter referred to as the "Project"). Plaintiff does not have a copy of said contract.

8.      Subsequent thereto, CHARPIE CONSTRUCTION, as principal, and TRAVELERS CAS. & SURETY, as surety, issued a labor and material payment bond for the protection of all persons supplying labor and material in the prosecution of the work provided for in the general contract between CHARPIE CONSTRUCTION and the United States of America for the Project. Said bond was provided in accordance with the provisions of the Miller Act, United States Code, Title 40, Section 270a.

9.      On information and belief, subsequent thereto, CHARPIE CONSTRUCTION entered into a contract with VARIO CONSTRUCTION to provide labor and materials in furtherance of its contract with the United States of America.

10.     On or about September 25, 2006, James Rio executed, on behalf of VARIO CONSTRUCTION, an Application for Credit, Terms and Condition of Sale and Personal Guarantee (hereinafter referred to as the "Contract"), which he submitted to WATERFURNACE to induce WATERFURNACE to sell materials to VARIO CONSTRUCTION for use at the Premises. The terms of the Contract provide that the agreement shall be governed by and construed in accordance with the laws of the State of Indiana. A copy of the Contract is attached as Exhibit A.

11.     Thereafter, VARIO CONSTRUCTION ordered materials, including geothermal heating and cooling equipment from WATERFURNACE in furtherance of CHARPIE CONSTRUCTION'S general contract with the United States of America. Copies of the invoices, issued by WATERFURNACE to VARIO CONSTRUCTION, describing the materials provided are incorporated herein by reference and attached hereto as Group Exhibit B.

12.     WATERFURNACE provided all of the materials it was required to provide pursuant to its agreement with VARIO CONSTRUCTION. The last of said materials were supplied to VARIO CONSTRUCTION on or shortly after December 29, 2006, and were accepted for use in the Project.

13.     A notice pursuant to the Miller Act was served upon the defendants on or about March 26, 2007. A copy of the notice is incorporated herein by reference and attached as Exhibit C.

14.     There is currently due and owing to WATERFURNACE from defendants, after allowing all just set-offs and deductions, $42,276.57, which, despite demand by WATERFURNACE remains unpaid.

15.    Per the terms of the Contract, WATERFURNACE is entitled to interest of 1.5% per month or 18% per annum on all balances past due more than thirty (30) days, and all costs of collection including reasonable attorneys' fees. Alternatively, WATERFURNACE is entitled to receive interest at a rate percent (8%) per annum from thirty days from the date of each Invoice pursuant to IC 24-4.6-1.

WHEREFORE, the UNITED STATES OF AMERICA for the use of WATERFURNACE INTERNATIONAL, INC. prays for judgment against CHARPIE CONSTRUCTION CO., INC. and TRAVELERS CAS. & SURETY CO. OF AMERICA, jointly and severally, in the amount of $42,276.57, with interest of 1.5% per month or 18% per annum from January 28, 2007, and for the costs of this action, including reasonable attorneys' fees.

**COUNT II**
**BREACH OF CONTRACT AGAINST**
**VARIO CONSTRUCTION COMPANY, INC.**

1-11.    As and for paragraphs 1 through 11 of Count II, WATERFURNACE hereby incorporates by reference paragraphs 1 through 11 of Count I.

12.    WATERFURNACE provided all of the materials and equipment it was required to provide pursuant to its agreement with VARIO CONSTRUCTION and said materials and equipment were used on the Project sometime thereafter. The last of said material and equipment was supplied to VARIO CONSTRUCTION on or shortly after February 15, 2007, and was used on the Project sometime thereafter.

13.    There is currently due and owing to WATERFURNACE from Defendants, after allowing all just set-offs and deductions, $44,071.05, which, despite demand by WATERFURNACE, remains unpaid. WATERFURNACE'S statement of account to VARIO CONSTRUCTION reflecting said balance due is attached as Exhibit D.

14.     Pursuant to the Contract, WATERFURNACE is entitled to interest of 1.5% per month or 18% per annum on all balances past due more than thirty (30) days, plus costs of this action, including reasonable attorneys' fees.

15.     After allowing all just credits and deductions, there is currently due to WATERFURNACE from VARIO CONSTRUCTION a balance of $44,710.50 for the materials supplied for improvements to the Project, plus interest of 1.5% per month or 18% per annum calculated from thirty days from the date of each unpaid Invoice, costs and reasonable attorneys' fees. Alternatively, WATERFURNACE is entitled to receive interest at a rate percent (8%) per annum from thirty days from the date of each Invoice pursuant to IC 24-4.6-1.

16.     Despite demand by WATERFURNACE for payment of said amount, VARIO CONSTRUCTION has failed and refused to pay said balance.

17.     WATERFURNACE has performed all conditions precedent that it was required to perform under the Contract.

WHEREFORE, Plaintiff, WATERFURNACE INTERNATIONAL, INC., prays this Court for judgment against VARIO CONSTRUCTION COMPANY, INC. for $44,710.50, plus interest at the rate of 1.5% per month or 18% per annum calculated from thirty days from the date of each unpaid Invoice, and for the costs of this action, including reasonable attorneys' fees.

## COUNT III
## ACTION FOR QUANTUM MERUIT
## AGAINST VARIO CONSTRUCTION COMPANY INC.

1-10.   As and for paragraphs 1 through 10 of Count III, WATERFURNACE hereby incorporates by reference paragraphs 1 through 10 of Count I.

11.     On or about October 6, 2006, VARIO CONSTRUCTION submitted a purchase order to WATERFURNACE for geothermal heating and cooling equipment and materials to

which WATERFURNACE would use in furtherance of its contract with the CHARPIE CONSTRUCTION for the construction project at the VA Hines Building 215, 500 Roosevelt Avenue, Maywood, Illinois (the Project").

12.    From on or about December 1, 2006 through February 16, 2007, WATERFURNACE furnished and delivered to VARIO CONSTRUCTION the materials ordered, thereby completing its work under its agreement with VARIO CONSTRUCTION for the improvements to the Project. Copies of the invoices, issued by WATERFURNACE to VARIO CONSTRUCTION, describing the materials provided are incorporated herein by reference and attached hereto as Group Exhibit B.

13.    In the event this Court finds the agreements by the terms of which WATERFURNACE agreed to furnish the materials for use in connection with improvements to the Project to be unenforceable, WATERFURNACE alleges that it furnished said materials required by and at the specific request of VARIO CONSTRUCTION and the total amount due is $44,710.50.

14.    The materials furnished by WATERFURNACE to the Project are reasonably worth the sum of $44,710.50. Said sum was due and payable to WATERFURNACE from thirty days from the date of each Invoice.

15.    VARIO CONSTRUCTION has vexatiously and unreasonably delayed paying the amount due and WATERFURNACE is therefore entitled to receive interest at a rate percent (8%) per annum from thirty days from the date of each Invoice pursuant to IC 24-4.6-1 et seq. (hereinafter "Interest Act").

16.    As a direct and proximate result of the foregoing facts herein alleged, WATERFURNACE has suffered a loss in the amount of $44,710.50.

WHEREFORE, Plaintiff, WATERFURNACE INTERNATIONAL, INC., prays this

Court for judgment against Defendant, VARIO CONSTRUCTION COMPANY, INC., for $44,710.50, interest pursuant to the Interest Act at the rate of 8 percent per annum, and the costs of this action.

## COUNT IV
## GUARANTY AGREEMENT

1-17.   As and for paragraphs 1 through 17 of Count IV, WATERFURNACE hereby incorporates by reference paragraphs 1 through 17 of Count II.

18.   Defendant, JAMES F. RIO ("RIO"), on information and belief, resides at 309 Linden Street, Glen Ellyn, DuPage County, Illinois, and, on information and belief, is president of VARIO.

19.   On or about September 25, 2006, Defendant RIO, executed and delivered to WATERFURNACE a Personal Guaranty (the "Guaranty"), a true and accurate copy of which is attached hereto as Group Exhibit A.

20.   The terms of the Guaranty state that Defendant RIO personally guarantees all obligations of VARIO to WATERFURNACE, for a period of five years from the date of the application.

21.   Despite demand by WATERFURNACE for payment of said amount, VARIO and RIO have failed and refused to pay said balance.

22.   VARIO CONSTRUCTION and RIO have vexatiously and unreasonably delayed paying the amount due to WATERFURNACE and after allowing all just credits and deductions, there is currently due to WATERFURNACE from VARIO CONSTRUCTION and RIO a balance of $44,710.50 for the materials supplied for improvements to the Project, plus interest of 1.5% per month or 18% per annum calculated from thirty days from the date of each unpaid Invoice, costs and

reasonable attorneys' fees. Alternatively, WATERFURNACE is entitled to receive interest at a rate percent (8%) per annum from thirty days from the date of each Invoice pursuant to IC 24-4.6-1.

WHEREFORE, Plaintiff, WATERFURNACE INTERNATIONAL, INC., prays this Court for judgment against Defendant JAMES F. RIO in the amount of $44,710.50, plus interest at the rate of 1.5% per month or 18% per annum calculated from thirty days from the date of each unpaid Invoice, or alternatively interest at a rate percent (8%) per annum from thirty days from the date of each Invoice pursuant to IC 24-4.6-1 et seq., continuing interest through the date of judgment, attorneys' fees, and the costs of this action. Alternatively, WATERFURNACE INTERNATIONAL, INC. is entitled to receive interest at a rate percent (8%) per annum from thirty days from the date of each Invoice pursuant to IC 24-4.6-1.

**Waterfurnace International, Inc.**, an Indiana corporation,

By:_____/s/ Richard T. Niemerg_____
          One of its attorneys

James T. Rohlfing (Atty. No.: 6183555)
Richard T. Niemerg (Atty. No.: 6278137)
ROHLFING & OBERHOLTZER
211 West Wacker Drive, Suite 1200
Chicago, Illinois 60606
(312) 923-7100